IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| GERONIMO RODRIGUEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:21-CV-00065 |
| vs. | § | |
| | § | NOTICE OF REMOVAL OF ACTION |
| HOAR CONSTRUCTION, LLC AND | § | UNDER 28 U.S.C. § 1441(a) |
| BRADLEY BARR | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Hoar Construction, LLC ("Hoar") and Bradley Barr ("Mr. Barr") hereby give their Notice of Removal of the following lawsuit to the United States District Court for the Western District of Texas – Del Rio Division: Cause No. 2021-10-33997-CV; *Geronimo Rodriguez v. Hoar Construction, LLC and Bradley Barr*, in the 38th Judicial District Court, Uvalde County, Texas (the "State Court Lawsuit"). In support of removal, Hoar submits the following:

### I. STATE COURT LAWSUIT

1. Plaintiff Geronimo Rodriguez ("Rodriguez") filed the State Court Lawsuit on October 11, 2021.[1] In the State Court Lawsuit, Rodriguez seeks monetary relief of over $1,000,000 including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney's fees.[2]

---

[1] See Exhibit C
[2] See Exhibit C at ¶ 2.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

2. The State Court Lawsuit is properly removed to this Court because the State Court Lawsuit is pending within this district and division. 28 U.S.C. §§ 124(b)(2) and 1441.

3. Mr. Barr was served with the State Court Lawsuit on October 16, 2021. Hoar was served with the State Court Lawsuit on October 18, 2021. Defendants have filed this notice of removal within the thirty day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. V. Nippon Tel. & Tel. Corp.,* 478 F.3d 274, 278 (5th Cir. 2007).

4. Pursuant to 28 U.S.C. § 1446 (a), the following items are included with this notice of removal:

| | |
|---|---|
| **Exhibit A** | Index of Exhibits |
| **Exhibit B** | Docket Sheet |
| **Exhibit C** | Unofficial Copy of Plaintiff's Original Petition |
| **Exhibit D** | List of Parties and Counsel |

5. This notice of removal is being filed with the District Clerk of Uvalde County, Texas and is being served on all known counsel pursuant to 28 U.S.C. § 1446 (d).

## III. REMOVAL BASED ON DIVERSITY JURISDICTION

6. Removal of the State Court Lawsuit is proper because there is complete diversity of citizenship between all properly joined parties and the amount in controversy in the Lawsuit exceeds $75,000.00 (exclusive of interest and costs). *See* 28 U.S.C. § 1332(a).

*Amount in Controversy*

7. If the amount in controversy more likely than not (measured by a preponderance of the evidence) exceeds the jurisdictional minimum, then removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). The burden of showing the jurisdictional minimum is

met if it is apparent from the face of the plaintiff's petition that the amount in controversy exceeds $75,000.00. *See St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

8. In the State Court Lawsuit, Rodriguez seeks monetary relief of more than $1,000,000.00.[3] Although Hoar denies that Rodriguez is entitled to recover any damages, the allegations in Rodriguez's petition establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

*Complete Diversity of Citizenship Between Properly Joined Parties*

9. According to the State Court Lawsuit,[4] Rodriguez is an individual residing in Eagle Pass, Maverick County, Texas.

10. As stated in the State Court Lawsuit, Hoar is a foreign limited liability company. Hoar is incorporated under the laws of Delaware and its principal place of business is in Birmingham, Alabama.

11. As such, there is complete diversity between Rodriguez and Hoar, the only arguably properly-joined defendant. Because Mr. Barr was fraudulently joined as a defendant, his citizenship does not defeat diversity jurisdiction.

*Mr. Barr is Fraudulently Joined*

12. The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Bordon v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)[internal citations omitted]. If a party has been improperly joined that party's citizenship is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)(en banc) cert. denied, 544 U.S. 992 (2005). To prove that a non-diverse defendant was

---

[3] See Exhibit C at ¶ 2.
[4] See Exhibit C at ¶¶ 3-4.

fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 566 (S.D. Tex. 1999). Removal jurisdiction is determined on the basis of the state court complaint at the time of removal and a plaintiff cannot defeat removal by amending it. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

13. Mr. Rodriguez fraudulently joined Mr. Barr as a defendant because there is no possibility that Mr. Rodriguez may recover against Mr. Barr. Mr. Rodriguez's only cause of action against Mr. Barr is for negligence. Without so much as using Mr. Barr's name, Mr. Rodriguez alleges that "the safety employee and/or company man" of Hoar was guilty of negligence for allegedly failing to warn of Mr. Rodriguez of a dangerous condition, adequately supervise Mr. Rodriguez, and for committing "various other acts and/or omissions of negligence to be specified in detail at the time of trial."[5] Nowhere does Mr. Rodriguez allege that Mr. Barr had any independent duty to warn Mr. Rodriguez of any danger or supervise Mr. Rodriguez's work. In fact, Mr. Rodriguez specifically alleges that "[a]t all relevant times, Bradley Barr… was working within the course and scope of his employment with Hoar, and in furtherance of their business."[6]

14. According to Mr. Rodriguez's own pleading, Mr. Barr was acting at all times in the course and scope of his employment with Hoar, the general contractor for construction of the project. Mr. Barr owed no independent duty to Mr. Rodriguez, the employee of Alvin E. Stock, one Hoar's subcontractors. The Texas Supreme Court has made clear that an officer or agent of an employer and an employer do not have identical duties to an employee (or a subcontractor's

---

[5] *See* Exhibit C at ¶ 10.
[6] *See* Exhibit C at ¶ 12.

employee) regarding workplace safety: "When the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace… individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby,* 935 S.W.2d 114, 117. (Tex. 1996). "[C]orporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care." *Id.*

15. Mr. Rodriguez does not even allege that Mr. Barr breached an independent duty of care. Mr. Rodriguez clearly states that at all times, Mr. Barr was acting for and on behalf of Hoar and that Hoar is responsible for all of Mr. Barr's actions on the project. Moreover, Texas law does not support imposing liability on Mr. Barr as an individual. Courts have routinely found that an employee was fraudulently joined as defendant because the plaintiff could not maintain a cause of action or recover against the employee defendant. *Palmer,* 65 F. Supp. 2d 564; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170 (5th Cir. 2018); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp.2d (E.D. Texas 2008); *Gaitan v. Wal-Mart Stores Tex., LLC*, 2:09-CV-034, 2009 WL 10669031, at *1 (W.D. Tex. Oct. 13, 2009), report and recommendation adopted, DR-09-CV-034-AML/DGG, 2010 WL 11506106 (W.D. Tex. Mar. 31, 2010); *Bueno v. Cott Beverages, Inc.*, CIV.A.SA-04-CA-24-XR, 2004 WL 1124927, at *1 (W.D. Tex. Mar. 15, 2004); *Allen v. Home Depot U.S.A., Inc.*, CIV.A.SA-04-0CA703XR, 2004 WL 2270001, at *2 (W.D. Tex. Oct. 6, 2004); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 402 (5th Cir. 2013).

## IV. CONCLUSION

There is complete diversity among all properly-joined parties and the amount in controversy exceeds the jurisdictional minimum. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. All procedural requirements for removal have been met. Accordingly, Hoar removes this action from the 38th Judicial District Court, Uvalde County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

Submitted respectfully,

By: */s/ Brittany Cooperrider*
BRITTANY COOPERRIDER
State Bar No. 24087355
bcooperrider@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
Telephone: 713-850-4200
Facsimile: 713-850-4211

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**OF COUNSEL**
Timothy C. Ross
State Bar No. 24056231
tross@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 - Telephone
(713) 850-4211 – Facsimile

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Defendants' Notice of Removal Answer* has been served upon all counsel of record listed below pursuant to the Federal Rules of Civil Procedure on November 15, 2021

**VIA ECF**
Daniel Dutko
ddutko@rustyhardin.com

Sandra Mata-Cortes
sandra@matacorteslaw.com

*/s/ Brittany C. Cooperrider*
BRITTANY C. COOPERRIDER