# EXHIBIT C

Cause No. **2021-10-33997-CV** _____

| | | |
|---|---|---|
| GERONIMO RODRIGUEZ | § § § | IN THE DISTRICT COURT OF |
| v. | § § | UVALDE COUNTY, TEXAS |
| HOAR CONSTRUCTION, LLC AND BRADLEY BARR | § § § | **31ST** _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE COURT:

COMES NOW Plaintiff, Geronimo Rodriguez ("Rodriguez") complaining of and about Hoar Construction, LLC ("Hoar") and Bradley Barr, and files this Original Petition, respectfully showing the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### CLAIM FOR RELIEF

2. Plaintiff seeks only monetary relief of over $1,000,000 including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney's fees.

### PARTIES

3. Plaintiff Geronimo Rodriguez resides in Eagle Pass, Maverick County, Texas.

4. Defendant Hoar Construction, LLC is a Foreign Limited Liability Company registered and doing business under the laws of the State of Texas. It may be served through its registered agent for service of process, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas Texas 75201. **Citation is requested at this time.**

5.      Defendant Bradley Barr is an individual domiciled in Texas. Defendant may be served with process at 113 Cottonwood, Uvalde Texas 78801.

## JURISDICTION AND VENUE

6.      The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

7.      Venue in Uvalde County is proper under Texas Rule of Civil Procedure §15.002 because all the events or omissions giving rise to the claim occurred in this county.

## FACTUAL BACKGROUND

All of the facts alleged are based on information and belief.

8.      On February 15, 2020, Rodriguez was an employee of Alvin E. Stock Contractor LLC, and was working at a hospital construction site. On said date, Rodriguez sustained serious and permanent injuries when, while performing his duties, he fell into a large excavation causing him to sustain severe injuries to his neck, back, and other parts of his body.

9.      Based on information and belief, Hoar exercised and retained control over the manner in which Rodriguez' work was performed. Specifically, Hoar provided instructions to Rodriguez as to the scope and manner of the work he was supposed to do. Hoar knew the danger of the excavation, including the severe and dangerous depth of the excavation. Hoar failed to warn Rodriguez of these dangers which were known by Hoar, or should have been known by Hoar. Even knowing these dangers, Hoar failed to adequately warn Rodriguez of these dangers either verbally, in writing, or on signage in the areas surrounding the excavation. Rodriguez alleges that his fall was caused by, among other things, inadequate safety warnings around the excavation, inadequate or improperly assembled equipment, inadequate supervision, inadequate instruction by Hoar. Based on information and belief, the work being performed, including the area in and around excavation, was controlled, maintained, and/or supervised by Hoar Construction LLC. The

equipment and/or services provided by Hoar Construction LLC was inadequate, defective and/or was improperly maintained and inadequately supervised.

## PLAINTIFF'S CAUSES OF ACTION

Negligence

10. On the occasion in question, the safety employee and/or company man of Hoar Construction was guilty of various actions and/or omissions of negligence, each of which were proximate and producing causes of the damages sustained by Rodriguez. The safety employee's and/or company man's negligence includes, but is not limited to, the following:

- a) In failing to warn of the dangerous conditions that existed either verbally or in writing;
- b) In failing to adequately supervise the during the operation in progress at the time of the incident; and
- c) In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial

11. Each of the above and foregoing acts of negligence was a proximate cause of the fall made the basis of this suit and Rodriguez' resulting injuries and damages.

Respondeat Superior

12. At all relevant times, Bradly Barr, Hoar's company man, and/or Hoar's safety employee was working within the course and scope of his employment with Hoar, and in furtherance of their business. Accordingly, Hoar is liable pursuant to the theory of law known as *respondeat superior* and pursuant to the laws of agency for their employee's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Rodriguez.

Negligence Hoar

13. In addition to being vicariously liable for the negligence of its employee, Hoar is also liable for its direct negligence, and that each of such acts and omissions, singularly or in combination with its employee's negligence, proximately caused Rodriguez' injuries and damages. Hoar's negligence includes, but is not limited to, the following:

a) In failing to warn of the dangerous conditions that existed either verbally or in writing;
b) In failing to provide proper tools and equipment;
c) In failing to implement proper procedures to be employed during the operation in progress;
d) In failing to implement sufficient safety training and policies of its employees to properly warn people like Rodriguez of the dangers known by Hoar;
e) In failing to adequately supervise the during the operation in progress at the time of the incident; and
f) In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial

12. Each of the above and foregoing acts of negligence was a proximate cause of the fall made the basis of this suit and Rodriquez' resulting injuries and damages.

Gross Negligence

14. The acts and/or omissions of Hoar, described above, when viewed from the standpoint of Hoar at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Rodriguez. Hoar had actual, subjective awareness of the risks involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Rodriguez and others. Therefore, for such gross negligence on behalf of Hoar, Rodriguez sues for exemplary damages in an amount to be determined at trial.

**DAMAGES**

15. Hoar's breach of its duties proximately caused injuries to Rodriguez which resulted in the following damages for which Rodriguez is entitled to reasonable and proper compensation:

a. past and future medical expenses;

b. past and future physical pain and mental anguish;

c. past and future physical impairment;

d. past and future disfigurement;

e. past lost wages and future lost wage-earning capacity; and

        f.      exemplary damages.

16.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## JURY DEMAND

17.    Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## PRAYER

For these reasons, Plaintiff Rodriguez respectfully prays Defendants be cited to appear and answer, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled.

**RUSTY HARDIN & ASSOC., LLC**
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone:   (713) 652-9000
Facsimile:    (713) 652-9800

*/s/ Daniel Dutko*
**DANIEL DUTKO**
SBN: 24054206
ddutko@rustyhardin.com

**MATA-CORTES LAW FIRM, P.C.**
Sandra Mata-Cortes
SBN: 24057812
626 Madison Street
Eagle Pass, Texas 78852
(830) 776-5480 (T)
(830) 776-5475 (F)
E-Mail:  sandra@matacorteslaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandra Mata-Cortes on behalf of Sandra Mata-Cortes
Bar No. 24057812
sandra@matacorteslaw.com
Envelope ID: 58078002
Status as of 10/13/2021 8:07 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daniel Dutko | | ddutko@rustyhardin.com | 10/11/2021 5:01:20 PM | SENT |
| Larissa Ramirez | | larissa@matacorteslaw.com | 10/11/2021 5:01:20 PM | SENT |
| Sandra Mata-Cortes | | sandra@matacorteslaw.com | 10/11/2021 5:01:20 PM | SENT |